### Margaret C. Vaughan v. Lucy C. Cowles.
### George F. Leinbrandt, Appellant, v. Illinois Trust & Savings Bank, Receiver, Appellee.

### Gen. No. 15,005.

JUDICIAL SALES—*when purchaser not entitled to rents.* A purchaser at a judicial sale is not entitled to the rents accruing from the premises purchased until full payment of the purchase price by him and confirmation of the sale by the court.

Intervening petition. Appeal from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Affirmed. Opinion filed June 3, 1910.

**Statement by the Court.** At a sale of real estate by a master in chancery, under a decree in a partition suit, appellant bid in certain real estate, on April 17, 1906. He was not a party to the suit. Two separate pieces of the real estate sold were bid in by him at an aggregate price of $6,000 and with his bid he made a deposit of $600. The master made a report of the sale and on May 22, following, the court confirmed the sale. Appellant paid the unpaid portion of his bid, $5,400, to the master on June 1, 1906, and then received his deed of the premises from the master.

It appears that the real estate appellant bought had yielded rents aggregating $123 for the period of time beginning April 17, 1906, and ending May 30, 1906. This rent was collected by appellee as receiver of the real estate in charge thereof, under appointment in the partition proceedings. Appellant filed an inter-

vening petition for an order upon the receiver to pay appellant the rent collected for the premises in question for the period between April 17, 1906, and May 30, 1906. The chancellor denied and dismissed the petition on March 9, 1908. Hence this appeal.

EDWARD J. KELLEY, for appellant.

TENNEY, COFFEEN, HARDING & SHERMAN, for appellee.

MR. PRESIDING JUSTICE CHYTRAUS delivered the opinion of the court.

We think the chancellor did not err in denying and dismissing the petition. There was neither a legal right nor equity in the case made thereby. The appellant was not entitled to the possession of the premises until the master's sale was confirmed by the chancellor and full payment, according to the terms of the sale, had been made by appellant. The sale and purchase of the land was not complete until the confirmation and payment. Until there had been a final confirmation and tender of payment appellant was not entitled to a deed. A judicial sale subject to confirmation is open until confirmation is had. The deed could not relate back to the time when appellant made his bid because appellant did not then become entitled to the property.

Of course, by the decree of sale other and different terms of sale could have been provided for. The order of the chancellor is affirmed.

*Affirmed.*